Reese, J.
delivered the opinion of the court.
The prisoner was indicted and convicted in the Circuit Court of Hardin county, for the murder of one David Sellers, and has prosecuted his appeal in error to this court. Many grounds of error have been here assigned on behalf of the prisoner, and among them, that the declarations of Sellers very shortly before his death were improperly received as testimony upon the trial against the prisoner. The witness proving these declarations, stated, that when the deceased, after having been wounded was brought to the house, he told his wife “not to be alarmed, that he was not badly hurt and was not going to die.” About ten minutes afterwards, deceased told Wiley Mangum that Nelson, the prisoner, “had stabbed him.” He seemed to talk with great difficulty, and said other things which witness did not distinctly understand, but thinks he was trying to say, “that Nelson had tried to kill him two or three times before, but he did not at this time express any fear or opinion as to his death.”
*543 There was abundant testimony independent of all this, to prove that the prisoner had stabbed the deceased, and that matter was not disputed on the trials The object of this proof was to establish that the prisoner had two or three times before attempted to kill the deceased, so as to show malipe. The deceased died within an hour after he was brought to the house. This testimony was illegal. To make dying declarations competent testimony, the person making them must'be conscious of the peril of his situation and believe his death impending. This need not be personally stated by him; but it must be fairly inferable from his language and his condition, which condition he must be conscious of. But here ten minutes before the declaration, he stated that he “was not badly wounded and was not going to die.” No change in his condition or in his consciousness with regard to it, is shown to have occured before the declarations were made. It is the solemn state of the declarant’s mind, in view of approaching death, which is thought to be equivalent to the sanction of an oath. But here the declarant said he “was not badly hurt and was not going to die;” he was indeed very greatly deceived as to his actual condition, but his mind at the very moment of the declaration, accbrding to his own view of the case, was not in the state necessary by law to make his expressions testimony. It may well be doubted, if this had been otherwise, whether the subject matter of the declarations, namely — that the prisoner “had two or three times before tried to kill him,” would have been competent testimony, Declarations are admitted, from the necessity of the case, to identify the prisoner and establish the circumstances of the res gesta or direct transactions from which the death results. When they relate to former and distinct transactions, they do not seem to come within this principle of necessity. Many grounds of error have been insisted on as .existing in the charge of the court, in relation to the effect which the condition of the prisoner, as a slave, prod uces upon the law of homicide and the grade of the offence. The charge in this respect calls for much and very grave judicial criticism, but as we are not all satisfed as to what should be its character and result, and as we think it probable that this case may not again present itself *544 to this court, and, if it should, that the legal propositions on the subject referred to will be more precisely stated, we forbear at the present to enter into the discussion upon this part of the record, having already stated a distinct ground of reversal upon much we are all satisfied. Let the judgment be reversed, and the verdict be set aside, and the prisoner be remanded for a new trial.